UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SNELLBACK PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08CV7326 |
| v. | ) | |
| | ) | Judge Guzman |
| AETNA DEVELOPMENT CORPORATION, | ) | |
| and AETNA DEVELOPERS, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED REPORT OF THE PARTIES' PLANNING MEETING

1. Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was held on January 30, 2009, during which each party was represented by the following:

   a. Mark R. Sargis, Esq. for Plaintiff
   b. Jennifer J. Sackett Pohlenz, Esq. and Robert R. Benjamin, Esq. for Defendants

2. Pre-Discovery Disclosures: The parties will exchange by February 27, 2009 the information required by Fed. R. Civ. P. 26(a)(1), and the parties are relieved of the responsibility of filing said disclosures with the Court.

3. Discovery Plan: The parties jointly propose to the Court the following discovery plan:

   a. Discovery will be needed on the following subjects by Plaintiff and/or Defendants:

   i. Whether, when and under what conditions Plaintiff will be allowed access to Defendants' property to collect soil samples below the slab foundation of the existing building (currently vacant), near the common property line (this issue will affect (ii) and (iii) below, and the timing of such access, if ordered by the court, may affect the discovery plan and proposed dates). The owner of the property, Defendant Aetna Developers, L.L.C., objects to testing of its property by Plaintiff;

   ii. Whether "source material" contamination from dry cleaning solvents exists on Defendant's property and, if so, how close it is located to Plaintiff's property;

   iii. Whether "source material" or other contamination from dry cleaning solvents is migrating, or has migrated (and, if so, during what time period), from Defendant's property onto Plaintiff's property;

      iv.      Whether contamination from dry cleaning solvents located on Plaintiff's property are from sources other than migration from Defendant's property;

      v.      Whether actions by Plaintiff or Defendants or either's agents caused or contributed or allowed contamination from dry cleaning solvents to migrate from Defendant's property onto Plaintiff's property, if such migration is found to have occurred;

      vi.      The feasibility and cost of remediating (a) remaining "source material" contamination of dry cleaning solvents on Defendant Aetna Developer's L.L.C.'s property, if any, and (b) contamination of dry cleaning solvents, if any, that may have migrated from Defendant Aetna Developer's L.L.C.'s property onto Plaintiff's property during Defendant Aetna Developer's L.L.C.'s ownership interest in its property;

      vii.      Factors attributable either to Defendants or Plaintiff, such as time period of ownership, acts or omissions of the parties, and other facts that may affect proportion of such additional remediation costs that one or the other party may be legally liable to pay.

      viii.      Plaintiff's other allegations as alleged in the Complaint and any other elements of Plaintiff's claims;

      ix.      Defendants' Answer and Affirmative Defenses and any Counterclaims or Third-Party Complaints;

      x.      The extent, nature, severity and amount of Plaintiff's damages, if any, and whether and to what extent, if any, Plaintiff mitigated its damages.

b.      The parties propose the following guidelines and limitations regarding the discovery of electronically stored information ("ESI"):

      i.      The parties have discussed preservation and disclosure of electronically stored discovery information, including a timetable for making the materials available to the opposing party. At this point, the parties do not anticipate that electronic discovery will play a significant role in this case. The parties will address any issues related to preservation or cost sharing as they arise during discovery. The parties have agreed that documents will be produced without metadata, unless specifically requested by either party, at which time the parties will discuss the relevancy of the metadata.

      ii.      The parties have also agreed that, to the extent any electronic documents, containing privileged information are produced inadvertently, the default provisions of Rule 26(b)(5) shall apply.

      iii.    The scope of discovery or the format of the production of electronically-stored information may be further limited or modified by Court order upon a showing of good cause or undue burden and expense. Further, depending on the nature of the data produced, a protective order may be appropriate, as the Court may approve.

  c.    To the extent the parties claim any privilege from disclosure, the parties shall determine whether a protective order may be appropriate, and either seek Court approval or bring disputed issues of privilege to the Court.

  d.    All expert and non-expert discovery must be commenced in time to be complete by October 16, 2009, except for rebuttal witnesses, if any, by November 24, 2009.

  e.    Pursuant to Rule 33, each party may serve upon another party written interrogatories, not exceeding 25 in number, including all discrete subparts. Responses due thirty (30) days after service.

  f.    There shall be no limit on the number of requests for admission by each party to any other party. Responses due thirty (30) days after service.

  g.    Maximum of 10 non-expert depositions by Plaintiff and 10 non-expert depositions by Defendants. There shall be no time limit imposed on depositions, however the parties reserve the right to request that the Court intervene if a party believes a deposition is unduly burdensome.

  h.    The parties shall identify initial experts under Rule 26(a)(2)(A) and shall exchange reports of these experts simultaneously by July 15, 2009.

  i.    The parties shall exchange reports of rebuttal experts, if any, simultaneously by October 15, 2009.

  j.    Supplementation under Rule 26(e) due as soon as practicable after obtaining additional information.

4.    Other items:

  a.    The parties do not request a conference with the Court before entry of the scheduling order.

  b.    The parties request a pretrial conference in October or November, 2009.

  c.    Plaintiff should be allowed until March 31, 2009, or fourteen (14) days after the Court's ruling on Defendant's Motion to Dismiss, whichever is later, to seek leave of Court to join additional parties and to amend the pleadings.

    d.    Defendants should be allowed until April 15, 2009, or fourteen (14) days after the Court's ruling on Defendant's Motion to Dismiss, whichever is later, to seek leave of Court to join additional parties and to amend the pleadings.

    e.    All potentially dispositive motions shall be filed by November 15, 2009, unless rebuttal witnesses have been disclosed, then by January 15, 2010.  Opposition to dispositive motions is due twenty-eight (28) days after service.  Reply briefs are due fourteen (14) days after service of opposition.

    f.    Prospects for settlement will likely depend on initial disclosures, inspection of Defendant's property, and, as necessary, key depositions.

    g.    Until inspection of Defendant's property and the feasibility and costs of further remediation can be evaluated, the parties do not foresee any private alternative dispute resolution procedures that may enhance settlement prospects.

    h.    Subject to the timing of ruling on any disposition motions, final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

    Plaintiff by January 29, 2010 (or December 15, 2009 if no rebuttal experts)

    Defendants by February 20, 2010 (or January 29, 2010 if no rebuttal experts)

    i.    Parties should have fourteen (14) days after service of final lists of witnesses and exhibits to list objections under Rule 26(1)(3).

    j.    The case should be ready for trial by March 31, 2010 (or February 26, 2010 if no rebuttal experts), and at this time is expected to take approximately 3-4 days.

Dated this 6th day of February, 2009.

/s/ Neal C. Zazove
Neal C. Zazove
NEAL C. ZAZOVE & ASSOCIATES, P.C.
19 S. LaSalle Street, Suite 1200
Chicago, IL  60603
(312) 641-5444
zazlaw@ameritech.net
topspyn@ameritech.net

/s/ Jennifer J. Sackett Pohlenz
Jennifer J. Sackett Pohlenz
Robert R. Benjamin
QUERREY & HARROW LTD.
175 W. Jackson Blvd., Suite 1600
Chicago, IL  60604
(312) 540-7540
jpohlenz@querrey.com

/s/ Mark R. Sargis
Mark R. Sargis
BELLANDE & SARGIS LAW GROUP, LLP
19 S. LaSalle Street, Suite 1203
Chicago, IL  60603
(312) 853-8701
msargis@bellandesargis.com

P:\2398-001\22024_2